FILED & JUDGMENT ENTERED
David E. Weich

Sep 17 2007

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

United States Bankruptcy Court
Western District of North Carolina
Asheville Division

In re:                              )
                                    )    Case No. 07-10187
**Rose M. Craig,**                  )    Chapter 13
                                    )
        Debtor.                     )
                                    )

### ORDER SUSTAINING OBJECTION TO CONFIRMATION

This matter is before the court on a creditor's Objection to Confirmation of the debtor's Chapter 13 Plan. That Plan proposes to bifurcate the creditor's secured claim in the debtor's recently purchased car because as part of the purchase, the creditor financed the "negative equity" in the debtor's trade-in vehicle. The court has concluded that the creditor has a purchase money security interest in the debtor's car that is protected from modification by 11 U.S.C. § 1325(a). Consequently, the objection to confirmation must be sustained.

### Factual Background

1. Within 910 days of filing this bankruptcy case, the debtor purchased a 2005 Dodge Neon vehicle pursuant to an

installment sales contract. The debtor financed the purchase price that included a manufacturer's rebate and the trade-in of the debtor's existing vehicle that had a "negative equity" of over $2,000. DaimlerChrysler Financial Services Americas, LLC ("DaimlerChrysler") is the assignee of the financing contract and security agreement which granted it a security interest in the Dodge Neon.

2. The debtor filed a bankruptcy petition and a Chapter 13 Plan which proposes to "strip down" DaimlerChrysler's secured claim by treating almost half of it as an unsecured claim. DaimlerChrysler has objected to confirmation of the Plan, asserting that 11 U.S.C. § 1325(a) prevents the debtor from using the provisions of § 506(a) of the Bankruptcy Code to bifurcate its claim based on the collateral's value as of the petition date.

## Issue

3. So, the issue presented here is whether the debtor's Plan can modify the rights of the holder of a secured claim in a vehicle purchased within 910 days of the petition date when the purchase price financed included the financing of "negative equity" in a trade-in vehicle.

## Legal Background

4. Pursuant to 11 U.S.C. § 1322(b)(2), a Chapter 13 Plan may "modify the rights of holders of secured claims" in certain

2

circumstances. Along with § 506(a)(1)'s provision regarding bifurcation of secured claims, this has historically permitted the "strip down" of claims secured by vehicles to the value of the collateral at the petition date with an unsecured claim for the balance owed. In 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") added a new provision to § 1325(a), commonly referred to as the "hanging paragraph," which provides as follows:

> [S]ection 506 shall not apply to a claim . . . if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . acquired for the personal use of the debtor.

See 11 U.S.C. § 1325(a).

5. There is no dispute here that the collateral is a motor vehicle purchased within 910-days of the petition date for the personal use of the debtor.

6. The narrow determining issue is whether DaimlerChrysler has a "purchase money security interest securing the debt that is the subject of the claim" in the circumstance where the financing extended to the debtor as part of the purchase transaction was used not only for the purchase of the new vehicle, but also included a refinancing of the remaining balance due on the vehicle that was traded-in.

3

**Discussion**

7. The courts that have addressed this issue have reached conclusions falling into three different categories. One group of courts has held that negative equity does not qualify as a "purchase money" obligation and the presence of that component destroys the "purchase money" status of the entire claim. See In re Price, 363 B.R. 734 (Bankr. E.D.N.C. 2007); and In re Peaslee, 358 B.R. 545 (Bankr. W.D.N.Y. 2006), rev'd ___ B.R. ___, 2007 WL 2318071 (W.D.N.Y. 2007). Other courts have held that negative equity does not qualify as a purchase money obligation and that the presence of that component destroys the purchase money status only to the extent of that negative equity. See Citifinancial Auto v. Hernandez-Simpson, 369 B.R. 36 (D.Kan. 2007). Finally, some courts have held that the negative equity component of the financing qualifies as a purchase money obligation and protects the creditor's claim from modification. See General Motors Acceptance Corp. v. Peaslee, ___ B.R. ___, 2007 WL 2318071 (W.D.N.Y. 2007); In re Graupner, 2007 WL 1858291 (M.D.Ga. 2007); In re Petrocci, ___ B.R. ___, 2007 WL 1813217 (Bankr. N.D.N.Y. 2007); and In re Cohrs, 2007 WL 2050980 (Bankr. E.D.Cal. 2007).

8. This court is persuaded by the reasoning of the third line of cases that do not permit modification of the secured creditor's claim in these circumstances. Although the case law

4

is still developing, this conclusion is consistent with the two District Court decisions in <u>General Motors Acceptance Corp. v. Peaslee</u> and <u>In re Graupner</u> that have most recently addressed the issue on appeal.  It is also consistent with the implications from the one Circuit Court that has ventured near the subject.  <u>See</u> <u>In re Wright</u>, 492 F.3d 829 (7th Cir. 2007).  And, it is consistent with the apparent intention of Congress in enacting the language in the hanging paragraph.  <u>See</u> <u>General Motors Acceptance Corp. v. Peaslee</u>, 2007 WL 2318071, at *7 (noting that the intent of Congress in enacting the hanging paragraph seems to be to protect creditors from the abuse of "cramdown").

    9.   This court concludes that the financing of a motor vehicle that includes negative equity in a trade-in vehicle may constitute a "purchase money security interest" that is not subject to modification by the debtor's Chapter 13 Plan. Consequently, the Objection to Confirmation must be sustained.

    It is therefore **ORDERED** that:

    1.   DaimlerChrysler Financial Services Americas, LLC's Objection to Confirmation is sustained; and

    2.   The debtor shall have 30 days from the date of entry of this Order to file a proposed Chapter 13 Plan consistent with this Order.

**This Order has been signed electronically.**    **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**

5